FROM:  RAFIQ SABIR #55312-066

       FEDERAL CORRECTIONAL INSTITUTION

       ROUTE 37

       DANBURY, CONNECTICUT 06811

FILED

2017 MAY -8  P 12:05

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RAFIQ SABIR, PLAINTIFF

v.

COMPLAINT

CIVIL ACTION NO.

D.K. WILLIAMS, WARDEN FCI DANBURY

AND THOMAS KANE, DIRECTOR FEDERAL

BUREAU OF PRISONS, DEFENDANTS

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by Bivens v. Seven Unidentified FBI Agents, 403 US 388, 1971 to redress the deprivation under color of Federal Law of rights secured by the Constitution of the United States. The Court has jurisdiction under Title 28 of the United States Code Section 1331 and 1343(a)(3). Plaintiff seeks Declaratory Relief pursuant to Title 28 of United States Code Sections 2201 and 2202. Plaintiff's claims for Injunctive Relief are authorized by Title 28 of United States Code Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court of Connecticut is an

appropriate venue under Title 28 United States Code Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II.  PLAINTIFF

3. Plaintiff, Rafiq Sabir, is and was at all times mentioned herein a Federal prisoner in the custody of the Federal Bureau of Prisons. He is currently confined in Federal Correctional Institution, Danbury, Connecticut.

## III.  DEFENDANTS

4. Defendant, Warden D.K. Williams is legally responsible for the operation of FCI Danbury and for the welfare of all inmates in that prison.

5. Defendant, Director of Federal Bureau of Prisons Thomas Kane is legally responsible for the operation of all prisons within the Federal Bureau of Prisons and for the welfare of all its inmates throughout the FBOP.

6. Each Defendant is sued in her/his official capacity. At all times mentioned in this Complaint each Defendant acted under color of Federal Law.

## IV.  FACTS

7. The Plaintiff in the above captioned case is Rafiq Sabir.

8. Plaintiff is an inmate in the Federal Bureau of Prisons since about 7 June 2005.

9. Plaintiff was convicted in 2007 of conspiring to provide and attempting to provide material support to a Federally designated Foreign Terrorist Organization in violation of

Title 18 of United States Code Section 2339B and was sentenced to three hundred months of incarceration.

10. Plaintiff has been designated to Federal Correctional Institution Danbury since at least July 2014. At all times relevant to this case Plaintiff has been designated to and confined at FCI Danbury, except when Plaintiff went to Federal Medical Center Devens for surgery from about March 2015 to July 2016, including transit time.

11. On or about 19 October 2014 Plaintiff along with other Muslim inmates were engaged in a required group prayer in a recreational area of the prison known as the auditorium.

12. Upon information and belief, near the conclusion of the group prayer an officer from the compound entered into the auditorium and proceeded directly to where Plaintiff and others were engaged in group prayer.

13. Upon conclusion of the prayer inmate Asmar Newsome and others that were participating in the prayer were confronted by the officer about the group prayer, while Plaintiff proceeded to perform optional additional prayer alone.

14. Upon information and belief, the officer stated that he saw Plaintiff and others by surveillance camera engaged in group prayer, so he came to the auditorium to inform them that group prayer is not permissible outside the chapel; he warned them that such violation could result in disciplinary action.

15. Shortly thereafter Lt. Jay North arrived, and Plaintiff joined in the discussion as well.

16. Lieutenant North was informed by the group that such a rule is in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act, and the Religious

Freedom Reformation Act, which was recently clarified by John Walker Lindh v. Warden Terre Haute.

17. The final result of the discussion was that Lt. North agreed to permit a group of three inmates to pray together; and that future violations would be subject to disciplinary action.

18. At all times, before, during and after the group prayer, as well as during and after the discussions with staff Plaintiff and other participants in the group prayer were respectful, peaceful, quiet, and cooperative, and they did not interfere with any activities of other inmates. There were no allegations from staff then nor since then to the contrary.

19. The group prayer at that time lasted about five minutes, which is about the usual duration for group prayer. There were no speeches made and no religious discussion before, during, or after the group prayer. The only discussion that occurred around that time was among the participants in the group prayer and the staff present regarding the necessity of the group prayer and the legality, (or lack thereof) of the Federal Bureau of Prisons injunction against it that occurred after the conclusion of the group prayer.

20. The officers quoted FBOP and institutional policy restricting group prayer outside of the chapel to two persons; and that larger groups can only perform group prayer in the chapel, regardless of religious beliefs.

21. The officers were informed by the inmates that were involved that the chapel is not available to them during the required prayer times five times per day every day for group prayer as is required by their sincerely held religious

beliefs.

22. The auditorium is under the aegis of the Recreation Department, which is in a separate building. The main recreation area includes the chapel, which is only available when chapel staff are present. It also includes a recreation yard, a weight room, gymnasium, several offices, bathroom, a video viewing area with game tables, a wellness room, hobbycraft room, and music room.

23. Recreation staff strictly and aggressively enforce the policy against group prayer throughout all recreation areas.

24. Other inmate accessible areas of the prison include medical, food services, education, housing, facilities, laundry, the barber shop, and UNICOR.

25. Throughout these other inmate accessible areas group prayer is unevenly tolerated, depending on which staff members are present. Many counselors, case managers, and unit managers state the policy outright and expect it to be followed; a few of them turn a "blind eye" to it. It is not permissible at all in some areas, such as medical.

26. On information and belief, there have been no recorded incidents where Muslim group prayer interfered with the orderly functioning of the institution at FCI Danbury.

27. Plaintiff filed a timely Complaint immediately after the incident using form BP-8, initiating the administrative remedy process, which was completed with response to the final form, BP-11 on 27 September 2016, received by Plaintiff some time in or around October 2016.

28. Plaintiff commenced studying case law regarding the issues at that time, and began studying the process of filing

suit by initially borrowing The Jailhouse Lawyer's Handbook, (published by the Center for Constitutional Rights), from another inmate.

29. In December 2016 Plaintiff wrote to District Court for instructions on local procedure and to file in forma pauperis; request returned as undeliverable due to incorrect address. Since then Plaintiff mailed similar request to Court with no response.

30  Plaintiff made multiple mailings to legal aid agencies for assistance, with no response other than a query from ACLU for specifics of Complaint which was received by Plaintiff in March 2017, and a copy of Jailhouse Lawyer's Handbook with a form letter from Center for Constitutional Rights refusing further assistance.

31. The final response from Federal Bureau of Prisons Central Office included a suggestion to try and work things out with the institution.  In or around December 2016 Plaintiff discussed the issue with Counselor Britton and requested a meeting with the Warden.  In or around January 2017 Mr. Britton relayed to Plaintiff that the Warden wanted Plaintiff's issues in writing before scheduling a meeting. Plaintiff reminded Mr. Britton that the Warden already has Plaintiff's issues in writing from form BP-8 on file in the institution that was answered by former Counselor Wilson, (retired), as well as form BP-9 on file that was answered by the former Warden.  In addition, according to FBOP procedure copies of forms BP-10 and BP-11 sent to the Regional Director and to the Central Office respectively, with the responses are already on file at FCI Danbury and are thus readily accessible

to the Warden. It is Plaintiff's view that the Warden's unnecessary request was merely a ruse and a diversionary delay tactic; subsequent to the Plaintiff's response, Warden D.K. Williams never scheduled a meeting to discuss the issue.

32. Plaintiff has been a member of the Sunni Muslim community for nearly forty years, and specifically adheres to the Hanbali School that believes the required prayers must be performed in congregation five times each day. It is Plaintiff's sincere belief that if two or more Muslims are together at the time of a required prayer, then they must all pray together behind one imaam, (leader of the prayer); and that breaking up into multiple groups when there are more than two Muslims present is not permissible.

## V.   EXHAUSTION OF LEGAL REMEDIES

33. Plaintiff Rafiq Sabir used the prisoner grievance procedure available at FCI Danbury to try and solve the problem. On or about 27 October 2014 Plaintiff initiated the grievance procedure by filing a timely form BP-8 Informal Resolution form with Counselor Wilson. On or about 30 October 2014 the request was denied, citing Institutional Supplement 5360.09 F Section 3.b. that,

"2) Congregational Prayer, outside of the Chapel, for all faith groups will follow the following guidance:

   b) Prayer individually or in pairs is permitted, however, group prayer of 3 or more is restricted to the Chapel."

34. Plaintiff filed form BP-9, the first step in the Formal Administrative Remedy Process, with the Warden on or about 1 November 2014; case number 802141-F1. The Warden's response

dated 27 January 2015 claimed that Plaintiff's First Amendment Right was not being violated, and reiterated the Counselor's response quoting the same Institutional Supplement, which is contrary to the First Amendment of the Constitution of the United States, RLUIPA, and RFRA, as elucidated in Lindh v. Warden Terre Haute.

35. Plaintiff filed form BP-10 of the Formal Administrative Remedy process, to appeal the Warden's denial, to the Regional Director on or about 8 January 2015, prior to the Warden's written response because it was long overdue and therefore presumed to be a denial. It was rejected nevertheless because it did not contain the Warden's written response. Once the Warden's written response was received by Plaintiff Form BP-10 was refiled on or about 4 February 2015. The Regional Director loosely referred to the Warden's response that FCI Danbury permits inmates to "... pray in pairs ... [in order to] not disrupt the orderly running of the institution. In addition, groups larger than two are accommodated in the chapel when staff supervision and scheduling of space permits this to occur ... You have been provided a reasonable least restrictive alternative ... Accordingly, your appeal is denied."

36. Plaintiff filed the final appeal of the Administrative Remedy process form BP-11 with the Central Office on or about 28 April 2015. The Central Office concurred with the Warden and the Regional Director, noting Program Statement 5360.09 Religious Beliefs and Practices, and that "... the institution's Chaplaincy Services staff is providing you with a reasonable and equitable opportunity to pursue your

religious beliefs and practices.

We encourage you to work with the institution's Chaplaincy Services staff ..."

37. Following the Central Office reply Plaintiff met with Counselor Britton in order to follow the suggestion of the Central Office and meet with the Warden about the issue. After several attempts by Plaintiff, over a couple of months, to schedule a meeting with the Warden, the Warden requested Plaintiff to put issues in writing before scheduling a meeting.  Plaintiff remarked to Counselor Britton that such a request is senseless because the Warden already has copies of all of the Administrative Remedy forms filed by Plaintiff, and so she already has the issues in writing.  Plaintiff further r eminded Counselor Britton that the Warden's refusal to meet meant that the next step in resolving the issue would be through the Court.  Nevertheless, no meeting with the Warden was ever scheduled.  The last discussion took place in or around January 2017.

## VI.   LEGAL CLAIMS

38. Plaintiff realleges and incorporates by reference paragraphs 1-37.

39. The willful and deliberate prohibition of Plaintiff's right to pray in congregation as is his sincere belief that it is required of him by his religion clearly violates the First Amendment Free Exercise Clause, RLUIPA, and RFRA as explained in Lindh v. Warden Terre Haute, and has irreparably harmed and continues to harm Plaintiff.

40. Plaintiff has no plain, adequate or complete remedy at

law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the Declaratory and Injunctive Relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

Wherefore Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

41. A Declaration that the acts and omissions described herein violated Plaintiff's Rights under the Constitution of the United States.

42. A Preliminary Injunction ordering Defendants, Thomas Kane, Director Federal Bureau of Prison, and D.K. Williams, Warden FCI Danbury to rescind Program Statement 5360.09 and the related Institutional Supplement 5360.09 F Section 3.b.2 restricting group prayer to individual prayer or in pairs; and that they allow prayer in groups for the required prayers five times daily wherever Plaintiff happens to be at the time prayer becomes due.

43. A jury trial on all issues triable by jury.

44. Plaintiff's costs in this suit.

45. Any additional relief this Court deems just, proper, and equitable.

Dated: 3 May 2017

Respectfully submitted,

Rafiq Sabir

Federal Correctional Institution

Route 37

Danbury, Connecticut   06811

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged on information and belief, and as to those, I believe them to be true.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at :   Danbury, Connecticut,   Dated: 3 May 2017

RAFIQ SABIR

RAFIQ SABIR #55312-066
Federal Correctional Institution
Route 37
Danbury, Connecticut 06811

7009 2820 0003 5319 6641



⇔55312-066⇔
District Court
Attorney
915 Lafayette BLVD
Bridgeport, CT 06604
United States

SPECIAL MAIL - LEGAL MAIL